IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 07-mj-01224-KLM

UNITED STATES OF AMERICA

      Plaintiff,

v.

RICHARD KIM,

      Defendant.

---

ORDER OF DETENTION

---

      THIS MATTER came before the Court for a detention hearing on November 8, 2007. Present were the following: James Hearty, Assistant United States Attorney, Leviticus DeRosier, witness for the plaintiff, Robert Pepin, counsel for the defendant, and the defendant. The Court reviewed the Pretrial Services Report and considered the comments of counsel.

      The Court has concluded, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant and, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, based upon the attached findings.

      IT IS HEREBY ORDERED that the defendant is committed to the custody of the Attorney General or their designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

      IT IS FURTHER ORDERED that the defendant is to be afforded a reasonable opportunity to consult confidentially with defense counsel; and

      IT IS FURTHER ORDERED that upon order of this Court or on request of an attorney for the United States of America, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with this proceeding.

      DATED and ENTERED this 13th day of November, 2007.

                                                   BY THE COURT:
                                                   __s/ Kristen L. Mix_____
                                                   United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 07-mj-01224-KLM

UNITED STATES OF AMERICA

      Plaintiff,

v.

RICHARD KIM,

      Defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

      This matter was before the court for preliminary hearing on the criminal complaint and detention hearing on November 8, 2007. The court has taken judicial notice of the court's file and the pretrial services report. The court now being fully informed makes the following findings of fact, conclusions of law and order for detention.

      In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

      If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

      The Bail Reform Act, 18, U.S.C, § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

    (1)    [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)    the weight of the evidence against the person;

    (3)    the history and characteristics of the person, including –

          (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

      criminal history, and record concerning appearance at court proceedings; and

  (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In making my findings of fact, I have taken judicial notice of the information set forth in the Pretrial Services Report and entire court file, and have considered the comments of defense counsel.

Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the defendant has been charged in the criminal complaint of a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm.

Second, based upon the evidence presented at the preliminary hearing and detention hearing, I find that probable cause exists that defendant committed the charged offense. The rebuttable presumption of detention applies in this case based upon this court finding probable cause as to the above offense. Defendant has not produced sufficient evidence to rebut the presumption.

Third, I note the defendant's history and personal characteristics. Weighing in the defendant's favor, the Pretrial Services Report notes that the defendant has been a resident of Colorado for 25 years. The defendant's mother resides in the Denver metro area. Although defendant resided at his mother's house until last month, she does not know where he has resided since that time. The defendant is single and has never been married, although he has one child he has never seen. The Pretrial Services Report indicates that the defendant is employed doing "side work" and he is paid in cash. Finally, the Defendant has a self-reported history of illicit drug use, including use of cocaine and marijuana the day of his arrest for the instant offense.

Fourth, the defendant's criminal record shows juvenile arrests in 1996, 1997 and 1998. Defendant was cited once for failing to appear for court hearings in connection with those proceedings. As an adult, Defendant has a lengthy criminal history. He has felony and misdemeanor convictions for Theft, Use of Schedule II Controlled Substance, Shoplifting, Criminal Mischief, and Possession of Schedule II Controlled Substance, Attempted Escape from Felony Pending and Forgery - Check/Commercial Instrument. Defendant was on parole in four cases, 1999-cr-2832, 2001-cr-4671, 2003-cr-484, and 2005-cr-1562, at the time of his arrest for the instant offense. Defendant's probation was revoked three times in 1999-cr-2832. Defendant's adult criminal record shows ten separate occasions when he was cited for failure to appear for court proceedings.

After considering all of the factors set forth in the Bail Reform Act, the offense charged in this case, and the evidence presented during the detention hearing, I conclude that there is clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community. In particular, I note the offense charged in the instant

indictment, which involves the use of a dangerous weapon or device in a crime of violence, and the lengthy term of imprisonment that could be imposed upon conviction. I further find that the defendant has not rebutted the presumption of detention that applies to this case. Finally, I find, by a preponderance of the evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the defendant. In support of that finding, I note the lengthy sentence that could be imposed if the defendant was found guilty of the charged offense.

        Done this 13th of November 2007.

                                      BY THE COURT:
                                      __s/ Kristen L. Mix_____
                                      United States Magistrate Judge